IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Marwan Shafee, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Oral Essentials, Inc.,<br><br>Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Marwan Shafee ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Oral Essentials, Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on his personal knowledge.

## NATURE OF THE ACTION

1. Defendant formulates, manufactures, advertises, and/or sells Lumineux Whitening Strips (the "Products")[1] throughout the United States, including in New York. Defendant markets its Products in a systematically misleading manner by misrepresenting that its Products are able to whiten teeth within "30 Minutes" of a single application, as depicted below:

//

//

//

---

[1] The Products include Defendant's 7, 14, and 21 treatments packages."





2. As discussed in greater depth below, the Defendant deliberately lied to consumers about the Products' efficacy without any evidence to support its claims. In fact, the scant scientific studies that Defendant possesses, as well as ample feedback from dissatisfied consumers, demonstrate that the Products fail to noticeably whiten teeth after a single 30-minute application. To make matters worse, the Products' poor design makes them fall off consumers' teeth well before the recommended 30-minute treatment.

3. As a result of its deceptive conduct, Defendant is, and continues to be, unjustly enriched at the expense of its consumers.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(a) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00 exclusive of interest and costs, there are over 100 members of the putative class, and at least one class member is a citizen of a state different than Defendant.

5. This Court has personal jurisdiction over Defendant because it conducts substantial business within New York, including the sale, marketing, and advertising of the Products. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this State, including Plaintiff's purchases.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District.

## PARTIES

7. Plaintiff Marwan Shafee is a citizen of New York, who resides in Brooklyn, New York. Plaintiff Shafee purchased Defendant's Products for his personal use online within the

applicable statute of limitations, with his most recent purchases taking place on or about November of 2023. Plaintiff Shafee made these purchases from Amazon.com while residing in Brooklyn, New York. Prior to making his purchases, Plaintiff Shafee saw that the Products were labeled and marketed as "Whitening Strips" that take "30 Minutes to whiter teeth." Plaintiff Shafee relied on Defendant's representations when he decided to purchase the Products over comparable products that did not make those claims. Plaintiff Shafee saw Defendant's representations prior to and at the time of his purchases and understood them as a representation and warranty that the Products could (1) whiten his teeth after a single 30-minute application and (2) reliably adhere to his teeth for the recommended 30-minute treatment. Furthermore, Plaintiff Shafee relied on these representations and warranties in deciding to purchase the Products. Accordingly, those representations and warranties were part of the basis of his bargains, in that he would not have purchased the Products on the same terms had he known that those representations were not true. In making his purchases, Plaintiff Shafee also paid a substantial price premium due to the false and misleading "30 Minutes to whiter teeth" claim. Plaintiff Shafee, however, did not receive the benefit of his bargains because the Products did not (1) whiten his teeth after a single 30-minute application or (2) reliably adhere to his teeth for the recommended 30-minute treatment. In fact, Plaintiff Shafee could not use the Products fully because most of the whitening strips would not hold in place. After receiving his first shipment of the 7 treatment Product, for example, Plaintiff Shafee had to discard multiple whitening strips because they peeled off from his teeth within a few minutes after applying them. Furthermore, the few strips that managed to stay on Plaintiff Shafee's teeth for 30 minutes, failed to whiten his teeth as promised on the Products' packaging. Nonetheless, Plaintiff Shafee proceeded to purchase the 7 treatment Product again a week later but encountered the same issues as he did

before. As a result, Plaintiff Shafee ended up having to throw away most of the Products' strips due to their poor adhesion and was unable to reap the benefit of noticeably whiter teeth altogether.

8. Defendant Oral Essentials, Inc., is a corporation organized under the laws of California with its principal place of business located in Beverly Hills, California. Defendant manufacturers, packages, labels, advertises, markets, distributes and/or sells the Products in New York and throughout the United States.

## GENERAL ALLEGATIONS

9. Teeth whitening is a popular dental procedure that aims to improve the overall aesthetic appearance of teeth by removing stains and discoloration. Although traditionally conducted by certified dentists, teeth whitening products are now widely available over-the-counter: ranging from toothpaste and gels to strips and devices. The demand for teeth whitening products has skyrocketed due to the growing stigma associated with poor dental hygiene. Indeed, the market for teeth whitening products in the U.S. was valued at $1.9 billion dollars in 2021 and is projected to reach $3.9 billion dollars by 2030.[2]

//
//
//
//
//
//
//

---

[2] https://www.marketdataforecast.com/market-reports/teeth-whitening-market

10. In an attempt to distinguish itself from its competition, Defendant conspicuously claims on the packaging of the Products that the whitening strips take "30 Minutes to whiter teeth." The Products bear this statement both on their outer packaging as well as on the labeling of each slip inside.



11. Defendant makes these representations by design because consumers look at how long a treatment will take to work when purchasing teeth whitening products.

12. By representing that the Products take "30 Minutes to whiter teeth," Defendant induced Plaintiff and the proposed class members into believing that: (1) the Products would reliably adhere to their teeth for 30 minutes; (2) could be utilized while engaging in ordinary activities (such as talking); and (3) would lead to noticeably whiter teeth at the end of a single application. Despite those representations, however, Defendant's Products: (1) systematically

fail to adhere to its consumers' teeth for 30 minutes by large margins; (2) cannot be utilized under ordinary activities (including talking); and (3) fail to achieve any meaningful teeth whitening until at least seven days of use.

*Defendant's Knowledge of the Poor Adhesion of the Products*

13. Defendant knew that its Products could not reliably adhere to its customers' teeth for 30 minutes based on their defective design and the hundreds of complaints posted on the online retailers where the Products are sold (which Defendant actively monitors). As summarized by one of the many disgruntled customers of the Products:

> "If you get them the slightest bit wet they won't stay on. The bottom strip dosent even fully cover 6 teeth. Don't know why they're the size and shape they are but it's illogical. The top strip covers 8 teeth and fully covers the back so it sticks. The bottom only fully overs 4 teeth and dosent even cover the back so they don't stick on and work properly." [3]

14. Below is a sampling of other reviews for Defendant's customers on Amazon.com:[4]

//
//
//
//
//
//
//

---

[3] https://www.amazon.com/Lumineux-Whitening-Strips-Oral-Essentials/dp/B093TSRPQM/?th=1
[4] *Id.*

 Amanda Ray ✓

★☆☆☆☆ **Don't waste your money!**
Reviewed in the United States on November 17, 2023
Size: 14 Count (Pack of 1) | Verified Purchase

These slide right off your teeth after 10 min. Just spend a little more money on crest white strips.

 Andrea

★☆☆☆☆ **Horrible**
Reviewed in the United States on October 28, 2023
Size: 14 Count (Pack of 1) | Verified Purchase

If I could give one star I would. These leave so much residue after use. I had to scrub my teeth. They do not stick well either. I would not recommend or buy again. 0/10.

 C

★☆☆☆☆ **Does not work.**
Reviewed in the United States on October 24, 2023
Size: 14 Count (Pack of 1)

Doesn't stick to your teeth, especially the bottom.

 JT

★☆☆☆☆ **super slippery**
Reviewed in the United States on November 26, 2023
Size: 14 Count (Pack of 1) | Verified Purchase

These slipped right off my teeth and then got twisted up when I tried to apply them again. No thanks. Crest White strips may be more expensive but at least the toxic cement adheres to your teeth.

 Heidi

★☆☆☆☆ **Bad quality**
Reviewed in the United States on November 9, 2023
Size: 14 Count (Pack of 1)

Some strips were dried out and lumps of the product would fall out when opening strip. Also most strip wouldn't even stick. I think I might have gotten a bad batch or something. Really bummed because I was really looking forward to these...

 sandy reynolds

★★☆☆☆ **Doesn't stick to your teeth**
Reviewed in the United States on October 29, 2023
Size: 14 Count (Pack of 1)

Doesn't stick to your teeth as well as crest white strips. So it's very messy.

 Amazon Customer

★★☆☆☆ **They do not "stick" to teeth**
Reviewed in the United States on July 21, 2023
Size: 14 Count (Pack of 1)

Kept sliding off my teeth. The" whitening" was minimal. Thick glue-like substance remained on my teeth. Had to brush several times to remove. Next time I'll pay the extra money for a better product

 Andrea

★☆☆☆☆ **Horrible**
Reviewed in the United States on October 28, 2023
Size: 14 Count (Pack of 1) | Verified Purchase

If I could give one star I would. These leave so much residue after use. I had to scrub my teeth. They do not stick well either. I would not recommend or buy again. 0/10.

 Amazon Customer

★★☆☆☆ **Not the best**
Reviewed in the United States on October 24, 2023
Size: 14 Count (Pack of 1) | Verified Purchase

I'll be going back to another brand. These don't stay put and slip around on my teeth.

15. Other disgruntled customers have left similar scathing reviews on Target.com[5]:



***Defendant's Knowledge of the Poor Adhesion of the Products***

16. On the Products packaging, Defendant misrepresents, without providing adequate disclaimers, that the Products take "30 Minutes to whiter teeth," when, in fact, consumers must use the Products for at least fourteen days in order to reap the full whitening benefits of the Products.

17. Defendant knew that by touting its Products as being able to work within "30 Minutes," consumers would be misled into believing that the Products work more efficiently than competing brands. In fact, Procter & Gamble Company, one of Defendant's main

---

[5] https://www.target.com/p/lumineux-tooth-whitening-strips-14pk/-/A-82842347 (last accessed November 29, 2023).

9

competitors, recently challenged the Products misleading representations before the National Advertising Division's ("NAD") self-regulatory division of the Better Business Bureau. In adjudicating the dispute, the NAD found that the Product's "30 Minutes to white teeth" could mislead reasonable consumers into believing that they " will experience noticeably whiter teeth after using the Lumineux Whitening Strips after a single 30-minute application even though the details on the packaging reference that the full whitening effect takes 14 treatments."[6] In addition, the NAD found that Defendant's proposal to add a disclosure stating "when used daily for at least 7 days as directed" would be futile because " it would contradict the main message of the claim."[7] As a result, the NAD recommended, and Defendant agreed, to remove the representation.[8]

18. In fact, Defendant does not possess a single reliable scientific study that has measured or concluded that the Products are able to whiten teeth within a 30-minute single-use application.[9] Instead, the sole study that supports Defendant's efficacy was based on observations taken on a weekly basis for a total of two weeks. Seemingly aware of this, Defendant recommends that the Products be used "7 days in a row, then 1-2 times a week thereafter"[10] for its 14 and 21 treatment packages, while recommending that the Products be used

---

[6] https://bbbprograms.org/media-center/dd/lumineux-whitening-strips (last accessed November 29, 2023).
[7] *Id.*
[8] *Id.*
[9] Kassab S, Yang SM, Vu I, Dang S, Parsangi N, et al. (2023) Effect of Three Different Whitening Strips on Dental Sensitivity, Oral Tissues, Tooth Color and Luster: A Double-Blinded, Randomized, Controlled Clinical Study. Adv Clin Med Res. 4(1):1-16., available at: https://www.genesispub.org/effect-of-three-different-whitening-strips-on-dental-sensitivity-oral-tissues-tooth-color-and-luster-a-double-blinded-randomized-controlled-clinical-study (last accessed November 29, 2023).
[10] https://lumineuxhealth.com/products/copy-of-whitening-strips-14-pack (last accessed November 29, 2023).
 https://lumineuxhealth.com/products/super-pack-whitening-strips-21-treatments (last accessed November 29, 2023).

"4 days in a row, then once a week thereafter" for its 7 treatments version of the Product.[11] The discrepancy between the recommended usage is clearly due to marketing practices, not science. In fact, the closest scientific study—which measured the Products in 1-hour intervals—shows that the Products have no statistically meaningful impact on the overall brightness or hue of teeth until at least three *consecutive* 30-minute treatments.[12]

19.     Despite knowing that it lacks proper substantiation to claim that the Products lead to noticeably whiter teeth within a single 30-minute application and agreeing to "follow NAD's recommendations and modify claims regarding the duration of usage of Lumineux Whitening Strips needed to achieve whitening,"[13] as of the date of this Complaint, Defendant continues to advertise and sell the Products in complete disregard of the NAD's findings.

20.     Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the proposed class members who suffered an injury in fact and lost money or property as a result of Defendant's deceptive conduct.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3). Specifically, the Classes are defined as:

---

[11] https://lumineuxhealth.com/products/whitening-7-day-pack (last accessed November 29, 2023).

[12] The test, which was funded by Defendant and not accepted as reliable evidence in a prior NAD decision, shows that after using the Products for 3 consecutive 30-minute treatments the L value (measuring the degree of lightness) increased from 45% (baseline) to 55% while the b value (measuring yellow hue vs. undesirable blue hue) dropped from the baseline before returning back to normal after the 4th 30-minute treatment. Takesh T, Sargsyan A, Anbarani A, Ho J, Wilder-Smith P. Effects of a Novel Whitening Formulation on Dental Enamel. Dentistry (Sunnyvale). 2017 Apr;7(4):424. doi: 10.4172/2161-1122.1000424. Epub 2017 Apr 3. PMID: 28706755; PMCID: PMC5505690. at pg. 2, available at https://www.ncbi.nlm.nih.gov/pmc/articles/PMC5505690/ (last accessed November 29, 2023).

[13] *Supra,* footnote 6.

**Nationwide Class:** All persons in the United States who, during the maximum period of time permitted by law, purchased Defendant's Products primarily for personal, family or household purposes, and not for resale.

**New York Subclass:** All persons residing in New York who, during the maximum period of time permitted by the law, purchased the Products primarily for personal, family or household purposes, and not for resale.

22. The Classes do not include (1) Defendant, its officers, and/or its directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

23. Plaintiff reserves the right to amend the above class definitions and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

24. ***Community of Interest***: There is a well-defined community of interest among members of the Classes, and the disposition of the claims of these members of the Classes in a single action will provide substantial benefits to all parties and to the Court.

25. ***Numerosity***: While the exact number of members of the Classes is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Classes number in the millions. The precise number of the members of the Classes and their identities are unknown to Plaintiff at this time but may be determined through discovery. Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

26. ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Classes and predominate over any

questions affecting only individuals of the Classes. These common legal and factual questions include, but are not limited to:

(a) Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

(b) Whether Defendant fraudulently induced Plaintiff and the members of the Classes into purchasing the Products;

(c) Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendant's actions and the amount thereof;

(d) Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

(e) Whether Plaintiff and the members of the Classes are entitled to attorney's fees and costs.

27. *Typicality:* The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Defendant's false and misleading marketing, purchased Defendant's Products, and suffered a loss as a result of those purchases.

28. *Adequacy*: Plaintiff will fairly and adequately represent and protect the interests of the Classes as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Classes because he has no interests which are adverse to the interests of the members of the Classes. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel.

29. Moreover, the proposed Classes can be maintained because they satisfy both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Classes predominate over any

13

questions affecting only individual members and that a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

    (a)    The expense and burden of individual litigation makes it economically unfeasible for members of the Classes to seek to redress their claims other than through the procedure of a class action;

    (b)    If separate actions were brought by individual members of the Classes, the resulting duplicity of lawsuits would cause members of the Classes to seek to redress their claims other than through the procedure of a class action; and

    (c)    Absent a class action, Defendant likely will retain the benefits of its wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
### Violation of the State Consumer Protection Statues[14]

---

[14] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. &amp; Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.; Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. &amp; Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code §

**(On Behalf of Plaintiff and the Nationwide Class)**

30. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

31. The Consumer Protection Statutes of the Nationwide Class prohibit the use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

32. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the packaging of the Products that they take "30 Minutes to whiter teeth." In so doing, Defendant induced Plaintiff and the proposed class members into believing that the Products: (1) would reliably adhere to their teeth for 30 minutes; (2) could be utilized while engaging in ordinary activities (such as talking); and (3) would lead to noticeably whiter teeth at the end of a single application.

33. Despite those representations, however, Defendant's Products: (1) systematically fail to adhere to its consumers' teeth for 30 minutes by large margins; (2) cannot be utilized under ordinary activities (including talking); and (3) fail to make any meaningful teeth whitening until at least seven days of use.

34. The foregoing deceptive acts and practices were directed at consumers.

35. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the intrinsic quality of the Products.

36. As a result of Defendant's deceptive practices, Plaintiff and the Nationwide class Members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

---

46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

37. On behalf of himself and the Nationwide Class Members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II
### Violation of New York G.B.L. § 349
### (On Behalf of Plaintiff and the New York Subclass)

38. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

39. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

40. In its sale of Products throughout the State of New York, at all relevant times herein, Defendant conducted business and trade within the meaning and intendment of New York's General Business Law § 349.

41. Plaintiff and the New York Subclass Members are consumers who purchased the Products from Defendant for their personal use.

42. By the acts and conduct alleged herein, Defendant engaged in deceptive, unfair, and misleading acts and practices by conspicuously misrepresenting on the packaging of the Products that they take "30 Minutes to whiter teeth." In so doing, Defendant induced Plaintiff and the proposed class members into believing that the Products: (1) would reliably adhere to their teeth for 30 minutes; (2) could be utilized while engaging in ordinary activities (such as talking); and (3) would lead to noticeably whiter teeth at the end of a single application.

43. Despite those representations, however, Defendant's Products: (1) systematically fail to adhere to its consumers' teeth for 30 minutes by large margins; (2) cannot be utilized under ordinary activities (including talking); and (3) fail to make any meaningful teeth whitening

until at least seven days of use.

44. The foregoing deceptive acts and practices were directed at consumers.

45. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the intrinsic qualities of the Products.

46. As a result of Defendant's deceptive practices, Plaintiff and the New York Subclass Members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

47. On behalf of himself and the New York Subclass Members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## COUNT III
### Violation of New York G.B.L. §350
### (On Behalf of Plaintiff and the New York Subclass)

48. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

49. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

50. Defendant violated New York General Business Law § 350 by conspicuously misrepresenting on the packaging of the Products that they take "30 Minutes to whiter teeth." In so doing, Defendant induced Plaintiff and the proposed class members into believing that the Products: (1) would reliably adhere to their teeth for 30 minutes; (2) could be utilized while engaging in ordinary activities (such as talking); and (3) would lead to noticeably whiter teeth at the end of a single application.

51. Despite those representations, however, Defendant's Products: (1) systematically

17

fail to adhere to its consumers' teeth for 30 minutes by large margins; (2) cannot be utilized under ordinary activities (including talking); and (3) fail to make any meaningful teeth whitening until at least seven days of use.

52. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

53. Defendant's misrepresentations have resulted in consumer injury or harm to the public interest.

54. As a result of Defendant's false advertising, Plaintiff and the New York Subclass Members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendant's misrepresentations.

55. On behalf of himself and the New York Subclass Members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: November 29, 2023                    Respectfully submitted,

**GUCOVSCHI ROZENSHTEYN, PLLC**

By:   /s/ *Adrian Gucovschi*
          Adrian Gucovschi

140 Broadway, Suite 4667
New York, NY 10005
Telephone: (212) 884-4230
E-Mail: adrian@gr-firm.com